UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

COMMODITIES & MINERALS ENTERPRISE LTD.,

      Plaintiff,

vs.                                        Case No.:

GRETCHEN SHIPPING INC.,

      Defendant.

_____/

**DECLARATION OF MICHAEL J. FREVOLA IN SUPPORT OF
PLAINTIFF'S REQUEST FOR WRIT OF MARITIME ATTACHMENT**

Michael J. Frevola declares under penalty of perjury as follows:

1.     I am a member of the law firm of Holland & Knight LLP, counsel for plaintiff Commodities & Minerals Enterprise LTD ("CME" or "Plaintiff").

2.     On September 17, 2013, Plaintiff CME filed a Verified Complaint in the United States District Court Southern District of New York (the "New York Complaint") against Defendant Gretchen seeking an order of maritime attachment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, against Defendant Gretchen Shipping Inc.'s ("Gretchen"), property in the Southern District of New York, namely the proceeds of an Irrevocable Standby Letter of Credit with Citibank, N.A. (the "Letter of Credit"), of which proceeds Gretchen is the sole beneficiary. The New Your Complaint involved the same allegations and claims that Plaintiff CME asserts here within this Verified

Complaint. A true and accurate copy of the New York Complaint (without exhibits) is annexed as Exhibit A.

3.    That same day, on September 17, 2013, the Honorable P. Kevin Castel, United States District Court for the Southern District of New York, issued a writ of maritime attachment pursuant to Rule B of the Supplemental Rules in the amount of US$14,617,750.00 against property, including proceeds of the Letter of Credit, in which Defendant Gretchen had an interest in the possession of Citibank, N.A. A true and accurate copy of the order and writ of attachment is annexed as Exhibit B.

4.    On September 19, 2013, Defendant Gretchen made a motion to vacate the writ of attachment pursuant to Rule E(4)(f) of the Supplemental Rules and the court issued an order to show cause why CME's maritime attachment should not be vacated. A true and accurate copy of the order to show cause is annexed as Exhibit C. The hearing pursuant to the order was held on Friday, September 27, 2013 (the "September 27 Hearing").

5.    In a decision read into the record from the bench at the end of the September 27 Hearing, Judge Castel vacated CME's writ of attachment. Judge Castel's ruling addressed the four elements to be considered by the court in deciding whether to maintain an order of attachment as set forth in *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006):

    (1)    Whether the plaintiffs have alleged a valid *prima facie* admiralty claim;

    (2)    Whether the defendant is "present" in the district;

    (3)    Whether the defendant's property is within the district; and

    (4)    Whether any statutory or maritime bar exists to the maintenance of the attachment.

2

#25914221_v1

6.      During the September 27 Hearing, the parties agreed that Defendant Gretchen was absent from the district (element 2) and that there was no applicable statutory or maritime bar (element 4).   As to the first element, Gretchen contested whether the court had admiralty jurisdiction over plaintiff CME's claims.   Judge Castel found, preliminarily, that the court had admiralty jurisdiction and that CME had alleged a valid *prima facie* admiralty claim.

7.      Judge Castel then vacated the attachment based on the third element.   With respect to the third element, in papers filed in the Southern District of New York in support of its motion to vacate, and at the September 27 Hearing, Defendant Gretchen argued (a) that the proceeds from the Citibank Letter of Credit were not attachable property, and (b) that Tampa was the legal *situs* of the Letter of Credit and, therefore, its property was not within the Southern District of New York.   A true and accurate copy of the pertinent pages of Gretchen's moving memorandum of law where Gretchen's position with regard to these arguments is annexed as Exhibit D.  Judge Castel rejected Gretchen's argument that the Letter of Credit proceeds were not attachable.   Based on the plain language of the Letter of Credit, however, Judge Castel held that Gretchen's property was not within the district.

8.      Specifically, the instructions for the beneficiary to draw down on the Letter of Credit are stated in the last paragraph of the Citibank Letter of Credit:  REMIT DOCUMENTS BY COURIER TO: CITIBANK N.A., C/O ITS SERVICER CITICORP NORTH AMERICA, INC., 3800 CITIBANK CENTER, BUILDING B, 3RD FLOOR, TAMPA, FL 33610, ATTN: U.S. STANDBY DEPT.  A true and accurate copy of the Citibank Letter of Credit is annexed as Exhibit E.  Based on this language, Judge Castel held that Gretchen only could draw on the Citibank Letter of Credit in Tampa, therefore any debt that would become owing to Gretchen

#25914221_v1

upon its drawing on the Citibank Letter of Credit only could be located in the Middle District of Florida (rather than the Southern District of New York).

9.     The transcript of the September 27 Hearing before Judge Castel was not yet available at the time that I am executing this declaration and Plaintiff's complaint is expected to be filed with this Court.  But because Defendant Gretchen may attempt to draw on the Letter of Credit at any time, Plaintiff was forced to file seek an order and writ of attachment in this Honorable District as soon as possible.  I will file with this court a supplemental declaration attaching the transcript of the September 27 Hearing as soon as it is made available.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of September, 2013 in Port Washington, New York.

_____
Michael J. Frevola